## Williams *v.* Berkes, Appellant.

*Affidavit of defense—Denial of liability—Practice, C. P.*

In an action of assumpsit the plaintiff averred that on a day stated the defendant was indebted to her in the sum of $100 for money loaned to him by plaintiff at his request, and which he promised to repay plaintiff, and that defendant on the day stated gave to plaintiff a paper signed by him and in his handwriting as follows: "Received of (plaintiff) one hundred dollars to be paid on time payments." Defendant filed an affidavit of defense in which he denied that he was indebted to plaintiff on the day stated, or at any other time, in any way whatever, and that the paper in question was merely written and signed by him for the purpose of showing his wife that he knew how to draw up a note, and that the wife who was the daughter of the plaintiff, took possession of the note, and refused to return it to the defendant, who never authorized her to deliver the note to any other person. *Held,* that the affidavit of defense was sufficient to prevent judgment.

Argued Oct. 16, 1906. Appeal, No. 67, Oct. T., 1906, by defendant, from order of C. P. No. 2, Phila. Co., June T., 1903, No. 3,176, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Margaret Williams v. William K. G. Berkes. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for money loaned.

The averments of plaintiff's statement of claim and of the affidavit and supplemental affidavit of defense are fully set forth in the opinion of the Superior Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*J. F. Hartman,* with him *H. H. Dalbey* and *Louis Bregy,* for appellant.

*D. Webster Dougherty,* for appellee.

OPINION BY PORTER, J., December 10, 1906 :

The amended statement filed by the plaintiff averred that, "on or about the 18th day of October A. D. 1902, the defendant was indebted to her in the sum of one hundred dollars for money loaned to him by plaintiff at his request and which he promised to repay the plaintiff. And thereupon the defendant gave to the plaintiff a paper in his handwriting, of which the following is a copy :

"Oct. 18, 1902.

"Received of Mrs. Margaret Williams ($100.) One Hundred Dollars to be paid on time payments.

"WILLIAM K. G. BERKES."

The statement further averred a demand made upon the defendant and a refusal upon his part to pay.

The affidavit of defense contained the following allegations : "That the defendant was not on or about the 18th day of October 1902, indebted to the plaintiff in the sum of one hundred dollars for money loaned to him at his request; and further that the defendant was never at any time indebted to the plaintiff in the sum of one hundred dollars for money loaned to him by the plaintiff; and further that the defendant is not in any way, manner or form indebted to the plaintiff in any sum or amount whatsoever." "That the defendant did not give to the plaintiff on the 18th day of October 1902, or at any other time, any such paper, a copy of which is set forth in the plaintiff's statement as follows; (here follows a copy of the paper set forth in plaintiff's statement) nor did he ever at any time give to the plaintiff any such paper, or any paper in any way corresponding thereto, or in any way indicating that he, the said defendant, was in any wise indebted to the plaintiff in any sum whatever." The supplemental affidavit of defense explained in detail the circumstances under which the defendant wrote and signed the paper in question, to wit : "At the time of the writing of the said paper the defendant's wife had said to him that he did not know the proper form to draw up a note. He thereupon wrote the paper solely and entirely for the purpose of showing his wife that he knew as he believed, the proper form of a note. That his wife then took possession of the note and refused to return it to the defendant. That he gave his

wife no authority or direction whatever to use the said paper in any way."

The averment of the plaintiff's statement that the defendant was indebted to her in the sum of $100 for money loaned to him at his request, is indefinite as to the time when and circumstances under which the loan was made. The allegations of the affidavits of defense that the defendant was not on October 18, 1902, nor at any other time, indebted to the plaintiff in the sum of $100 for money loaned to him by the plaintiff, and that the defendant is not in any way, manner or form indebted to the plaintiff in any sum whatsoever, are certainly as broad and clear as the averment of the statement of the plaintiff's claim. They constitute a specific denial of the averments of the statement, as to the consideration for the alleged promise to pay; the plaintiff did not aver that at a certain time she loaned the defendant money, but was content to aver that on or about a certain time the defendant was indebted to her for money loaned; this the affidavit of defense specifically denied, alleging that the defendant was not at the time mentioned in plaintiff's statement, nor at any other time, so indebted. This was a sufficient denial of the averment as to the original indebtedness and the consideration for the alleged promise to pay.

The averment of the statement that: " The defendant gave to the plaintiff " the written promise to pay, a copy of which is set forth, is specifically denied in the affidavit of defense, which alleges that the defendant never gave that paper to the plaintiff, or any paper in any way corresponding thereto. We must for the purposes of this case assume the averments of the supplemental affidavit of defense to be true, and that the defendant merely wrote and signed the paper for the purpose of showing his wife that he knew how to draw up a note, and that the wife, who was the daughter of the plaintiff, took possession of the note and refused to return it to the defendant, who never authorized her to deliver the note to any other person. We are of opinion that the affidavits of defense sufficiently deny the averments of the statement as to the original indebtedness for money loaned, and set forth facts which constitute a complete defense to the alleged written promise to pay.

The judgment is reversed and a procedendo awarded.